■ In the Matter of WILLIAM CONWAY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [621 NYS2d 191] —Mikoll, J: Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for permanent disability retirement benefits.

Petitioner is employed by the New York State Teachers' Retirement System as a Principal Actuary. He filed an application on February 14, 1991 for disability retirement benefits claiming that he is disabled because of alcohol dependency. The application was disapproved on July 2, 1991 after a hearing on the finding that he is not permanently incapacitated for the performance of duties as Principal Actuary.

The sole issue before us is whether substantial evidence in the record supports respondent's determination that petitioner is not permanently disabled from the performance of his duties. Diverse and contradictory conclusions as to petitioner's disability were given by the experts called by the parties. Petitioner called David Ianacone, an addiction medicine expert, who opined that petitioner was incapable of performing his duties because of alcohol dependency and the other stresses related to his work. He concluded that petitioner was a chronic relapser and he did not feel that petitioner would improve. The Retirement System called George Hempstead, an internist, and Ron Wolner, a psychiatrist, who found that petitioner was capable of performing his duties when sober, that he had no psychiatric disturbance and that, organically, he was within the normal limits of a nondrinker. Both said that it is possible for an alcohol-dependent person to stay sober and that many persons overcome alcohol dependency and go on to productive levels. Respondent denied petitioner's application finding that he is not permanently incapacitated from the performance of duties and concluded that he did not sustain his burden of proof.

Respondent is vested with the exclusive authority to deter-

mine applications for retirement benefits. Where, as here, his determination is supported by substantial evidence, it must be upheld *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

Petitioner bears the burden of proof to establish that he is permanently incapacitated from performing his duties *(see,* State Administrative Procedure Act § 306 [1]). The question of petitioner's incapacity is a medical question. Respondent must resolve conflicting medical evidence and his decision to accord greater weight to the testimony of one expert over that of another expert is dispositive *(see, Matter of Longendyke v Regan,* 195 AD2d 695).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.